UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INTERNATIONAL-MATEX TANK TERMINALS, LLC | * * * | CIVIL ACTION NO.: 22-3736 |
| | * | SECTION: |
| VERSUS | * | |
| MARQUETTE TRANSPORTATION COMPANY, LLC AND | * | DIVISION |
| MARQUETTE TRANSPORTATION COMPANY GULF-ISLAND, LLC AND | * | MAGISTRATE |
| M/V ST. CHARLES | * | |
| * * * * * * * | | |

**COMPLAINT FOR DAMAGES**

**COMES NOW**, International-Matex Tank Terminals LLC which asserts its claim for damages against Marquette Transportation Company, LLC and Marquette Transportation Company Gulf-Island, LLC (hereinafter sometimes collectively "Marquette"), *in personam,* and the M/V C H A R L E S, its engines, tackle, furniture, equipment, appurtenances etc, *in rem*, and as grounds therefore respectfully represents as follows:

**JURISDICTION**

1.

This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court under 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

1

## PARTIES

2.

At all times relevant, International-Matex Tank Terminals LLC (hereinafter "IMTT"), was and remains a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware and authorized to do and doing business in the State of Louisiana. IMTT is the owner of a bulk terminal located on the east bank of the Mississippi River at Mile Marker 183.9 in Geismar, Louisiana.

3.

Upon information and belief, at all times relevant, Marquette Transportation Company, LLC and Marquette Transportation Company Gulf-Island, LLC were and remain foreign limited liability companies, not corporations, duly authorized and doing business in the State of Louisiana with a principal business office establishment in Louisiana at 107 Mallard Street, St. Rose, Louisiana, located in St. Charles Parish which is located within this Court district and were at all relevant times the owner(s) and/or operator(s) of the M/V ST. CHARLES.

4.

The M/V ST. CHARLES is a twin screw towboat 178 feet in length and 55 in breadth bearing Vessel Identification Number 1230767 and Call Sign WDF6371 operating on the navigable waterways of the United States within this Court District.

## VENUE

5.

Venue is proper under 28 U.S.C. §1391 as the defendants have their respective principal business office establishment within this District.

**FACTS**

6.

Upon information and belief, on October 7, 2021, at approximately 11:20 a.m., the M/V ST. CHARLES, and barge K-21856, under the care, custody and control of Marquette and the M/V ST. CHARLES, were traveling on the Mississippi River, and the M/V ST. CHARLES and/or her tow struck IMTT's inshore barge dock and Platform V at IMTT's marine terminal in Geismar at approximately MM 183.9 on Mississippi River. The inshore barge dock and Platform V are essential to IMTT's Geismar Plant operations. This allision resulted in damage to the dock, platform, supports, and other associated equipment and structures.

7.

At all times relevant, the M/V ST. CHARLES, and her tow, barge K-21856, was the responsibility of, and in the care, control and custody of Defendants and the vessel and her tow navigated upon the waters of the United States of America within the jurisdiction of this Honorable Court.

8.

The aforesaid allision and IMTT's resulting damages were caused by: (1) the unseaworthiness of the M/V ST. CHARLES, and (2) the negligence of Marquette, the master and crew and person(s) in charge of, or those responsible for, the M/V ST. CHARLES, all of which were within the privity and knowledge of Marquette, the master and crew and the person(s) in charge of, or those responsible for the M/V ST. CHARLES.

9.

The allision and associated damages resulted from Marquette's negligent hiring of a master and crew that it knew or should have known to be incompetent.

10.

The allision and associated damages also resulted from the violation of applicable local or federal rules or regulations and the breach of applicable safety and operational requirements, by Marquette and the master and crew and person(s) in charge of, or those responsible for the M/V ST. CHARLES.

11.

The allision was in no way caused or contributed to by the fault, neglect, or lack of due care by IMTT or anyone for whose actions IMTT might be legally responsible, or any of Mosaic's property. Instead, the allision and resulting damages to IMTT were caused solely by the negligence of Marquette, its agents, servants and employees or the unseaworthiness and negligence and/or gross negligence of its vessel the M/V ST. CHARLES, its tow, captain and/or crew in the following, non-exclusive, particulars:

(i) Failure to maintain a proper lookout;

(ii) Failure to maintain control of the M/V ST. CHARLES and her barges in tow;

(iii) Failure to chart and maintain a safe course;

(iv) Failure to have properly trained crew members onboard to safely navigate the vessel(s);

(v) Failure to properly hire, train, and supervise the master and crew of the M/V ST. CHARLES;

(vi) Failure to take proper evasive action when the danger of a collision or an allision was or should have been apparent;

(vii) Failure to stop or slow the M/V ST. CHARLES and/or her tow in time to avoid the resulting allision;

(viii) Operating the M/V ST. CHARLES, and her tow, in a generally careless and reckless manner without due regard for the safety and property of others;

(ix) Improper or negligent navigation;

(x) Failure to take proper precautions to render the M/V ST. CHARLES fit and seaworthy upon commencement of her voyage;

(xi) Unjustified or unwarranted deviation from intended course;

(xii) Failure to safely and properly make up the barges in tow;

(xiii) Failure to correct an unseaworthy condition of the M/V ST. CHARLES;

(xiv) Failure to properly equip the M/V ST. CHARLES; and

(xv) Any and all other acts of negligence and unseaworthiness that may be determined as discovery progresses.

12.

Each act of negligence, gross negligence, willful misconduct, or unseaworthiness alleged above was a proximate cause of Mosaic's damages and was within the privity and knowledge of Marquette. Accordingly, Marquette is not entitled to the benefits of exoneration or limitation of liability under 46 U.S.C. § 30501 *et seq.*

13.

In addition, and in the alternative, the allision in question was caused by defective equipment which was in the care, custody, and control of Defendants. Defendants knew or should have known of these defects, and they are therefore liable for

the damage caused.

14.

Defendants failed to adhere to statutory regulations, standards, and laws designed and enacted to prevent incidents such as the one forming the basis of this claim, including, but not limited to, statutes commonly referred to as The Inland Navigation Rules and regulations issued by the United States Coast Guard, and such failure constitutes negligence *per se*.

15.

IMTT invokes the rule of *The Pennsylvania*, 86 U.S. 125, 136 (1870), which requires that Defendants prove "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been."

16.

The facts of this case also warrant application of a presumption of fault against Defendants pursuant to the U.S. Supreme Court's holding in *The Oregon*, 158 U.S. 186 (1895), which imposes the burden on Defendants of proving absence of fault or inevitable accident on a moving vessel that strikes a stationary structure.

17.

Alternatively, the facts of this case may warrant application of a presumption of fault against Defendants pursuant to the U.S. Supreme Court's holding in *The Louisiana,* 70 U.S. 164 (1865), which imposes the burden of proving absence of fault or inevitable accident on a drifting vessel that strikes a stationary structure.

18.

In the alternative, the facts of this case warrant application of the doctrine of *res*

*ispa loquitur* against Defendants and in favor of IMTT.

19.

As a result of the allision, IMTT has suffered and will suffer damages and losses in an amount which is not yet certain but including, and not limited to, the repair and replacement cost of the damaged dock and all associated equipment and structures, both above and below the water line, as well as delay costs, inspection costs, engineering costs and all other consequential damages and costs.

20.

Accordingly, IMTT hereby makes a claim for (i) all costs associated with repairs to the physical damage to the bulkhead, the dock, the retaining wall, and all other associated equipment and structures; (ii) all salvage costs, surveying and inspection costs, delay costs and costs incurred due to underwater examinations of the bulkhead and retaining wall; (iii) all courts costs, attorney's fees, pre-judgment interest and post-judgment interest to which IMTT is entitled under the law and to have all expert witness fees taxed as costs; and (iv) for all other damages to which IMTT may prove entitlement at law or equity.

21.

For the reasons stated above, the M/V ST. CHARLES, *in rem*, is liable to IMTT for its damages to be determined by this Honorable Court.

22.

Further, Marquette Transportation Company, LLC and Marquette Transportation Company Gulf-Island, LLC are liable *in personam* to IMTT for its damages to be determined by this Honorable Court.

## PRAYER FOR RELIEF

**WHEREFORE**, International-Matex Tank Terminals, LLC respectfully prays that judgment be granted in favor of International-Matex Tank Terminals, LLC to recover all damages and losses it is entitled to recover under the law, including punitive damages, together with pre-judgment and post-judgment interest, costs, attorney's fees, expert fees and all other general and equitable relief to which International-Matex Tank Terminals, LLC is entitled, against Marquette Transportation Company, LLC and Marquette Transportation Company Gulf-Island, LLC, *in personam*, and the M/V ST. CHARLES and her engines, tackle, appurtenances, furniture, equipment, etc., *in rem*, and against any and all persons having or claiming any interest therein.

Respectfully submitted,
**DUNCAN & SEVIN, L.L.C.**

_____
**ELTON F. DUNCAN, III, T.A. (LA 14967)**
**KELLEY A. SEVIN (LA 25871)**
5500 Prytania St., #537
New Orleans, LA  70115
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: ksevin@duncansevin.com
*Attorneys for Plaintiff, International-Matex Tank Terminals, LLC*

**PLEASE ISSUE SUMMONS TO:**

**1.** Marquette Transportation Company, LLC Through its registered agent for Service of process:
Ligon Law Office, L.L.C.
12228 Woodville Street
Clinton, Louisiana
70722

**2.** Marquette Transportation Company Gulf-Island,
LLC Through its registered agent for
Service of process:
Ligon Law Office, L.L.C.
12228 Woodville Street
Clinton, Louisiana
70722


**PLEASE WITHHOLD *IN REM*
SERVICE UNTIL FURTHER NOTICE**